UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Blackmer

    v.                                                     Civil No. 06-cv-158-PB

Northern New Hampshire
Correctional Facility


**O R D E R**

*Pro se* plaintiff Paul Blackmer has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have denied him meaningful access to the courts and interfered with his mail in violation of his federally protected rights (document no. 1).[1]  Seeking injunctive and monetary relief, he brings this action against officers and employees of the New Hampshire Department of Corrections ("NHDOC") and the Northern New Hampshire Correctional Facility ("NCF").[2]

---

[1]Blackmer also alleges that he is unlawfully incarcerated and raises various claims of ineffective assistance of counsel and prosecutorial misconduct.  To the extent he challenges the fact or duration of his confinement, his claims may only be brought in a habeas corpus petition.  See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)(holding that a prisoner cannot use a Section 1983 action to challenge the fact or duration of his confinement).  He has raised identical claims in a habeas corpus petition currently pending before this Court.  See Blackmer v. Warden, Northern New Hampshire Correctional Facility, 05-340-PB.

[2]The complaint names William Wrenn, Commissioner of the NHDOC, and the following NCF employees: Larry Blaisdell, Warden;

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I order Blackmer to amend his complaint to demonstrate whether and to what extent he has exhausted the claims raised in his complaint. He has also filed motions to amend the complaint and a motion to "enhance the record" (document nos. 6-8). To the extent Blackmer seeks to amend his complaint, his motions are granted.

## Standard of Review

In reviewing a *pro se* complaint, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that

---

Ms. Poulin, Media Generalist; and corrections officers/employees Dennis Cox, Ms. Dolan, R. Gosselin and Daniel Millis.

*pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

Blackmer brings this action pursuant to Section 1983, which creates a cause of action against those who, acting under color of state law, violate federal law. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prisons conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a)(emphasis added).

As the Supreme Court has recently held in Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006), "A centerpiece of the PLRA's effort 'to reduce the quantity . . . of prisoner suits' is an 'invigorated' exhaustion provision, § 1997e(a). Id. (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002)). Prisoners must exhaust even where the relief sought cannot be granted in the administrative process. Ngo, 126 S.Ct. At 2382-83. See also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)(holding that an

inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387.

However, the exhaustion requirement is not jurisdictional. Id. at 2387. "If administrative remedies are not available to an inmate, then the inmate cannot be required to exhaust. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)." Therefore, "[c]orrections officials concerned about maintaining order in their institutions have a reason for creating and retaining grievance systems that provide -- and that are perceived by prisoners as providing -- a meaningful opportunity for prisoners to raise meritorious grievances." Ngo, at 2392. Because the PLRA does not say when a process is available, courts must apply the ordinary meaning of the term. See Kaba, 458 F.3d at 684 (citing Asgrow Seed Co. V. Winterboer, 513 U.S. 179, 187 (1995)). "In Ngo, the Supreme Court rejected the idea . . . that a process becomes unavailable because the prisoner does not comply with the

4

procedural rules and therefore cannot obtain relief, and required courts to look at the reason why the administrative process is unavailable." Kaba, 458 F.3d at 684 (quoting Ngo, 126 S.Ct. at 2387, 2392-93)). "Thus, when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited." Id. At 684.  On the other hand, when prison officials prevent inmates from using the administrative process, that process becomes unavailable.  Id. (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)(holding that where prison officials failed to provide inmates with the necessary form to file an administrative grievance, administrative remedies are not available.") and Brown v. Croak, 312 F.3d 109-111-12 (3d. Cir. 202)(holding that administrative remedies were unavailable where prison officials erroneously told prisoner that he must wait until the investigation was complete before filing a grievance)).

    Viewing the allegations in the light most favorable to Blackmer, I cannot conclude that he has demonstrated exhaustion of administrative remedies with regard to each claim raised in his complaint.  He filed the instant complaint on April 25, 2006 and alleges that at least some of the violations therein are

ongoing and/or continued until the time of his filing.  It appears, therefore, that at least as to the violations alleged to have occurred at the time of filing, that Blackmer could not have fully exhausted those claims through the prison administrative grievance procedures prior to filing this action.  Further, although Blackmer alleges that Cox held a hearing on March 1, 2006 with regard to his denial of meaningful access to the courts claim, there is no indication that he sought further administrative review or fully pursued the administrative grievance procedures available to him at the NCF.  Thus, it is not clear on the face of the complaint that he has attempted to exhaust the administrative grievance procedures available to him, as to certain claims, prior to filing this action.  However, the complaint does not exclude the possibility that he may have exhausted other claims raised in his complaint.

## Conclusion

For the reasons stated above, it is not clear on the face of the complaint whether or not Blackmer has exhausted each of the claims raised in his complaint.  Accordingly, I direct him to amend his complaint within thirty days of the date of this order to demonstrate, with specificity, whether and to what extent each

claim has been exhausted through the administrative grievance process.  If he cannot demonstrate exhaustion for each claim, I will recommend to the District Judge that the unexhausted claims be dismissed without prejudice to refiling after they have been properly exhausted through prison grievance procedures.  See 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison conditions action *sua sponte* if the Court is satisfied that the plaintiff has failed to state a claim upon which relief might be granted); LR 4.3(d)(2)(A).

To the extent Blackmer seeks to amend his complaint, I grant his motions to amend and motion to "enhance the record" (document nos. 6-8).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   September 20, 2006

cc:     Paul Blackmer, *pro se*