UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Paul Blackmer

    v.                                                    Civil No. 06-cv-158-PB

Warden, Northern New Hampshire
Correctional Facility, et al.


**O R D E R**

Pro se plaintiff Paul Blackmer has filed a complaint and amendments thereto, pursuant to 42 U.S.C. § 1983, alleging violations under the First, Eighth and Fourteenth Amendments to the United States Constitution (document nos. 1, 6-8, 10 and 12-14). Seeking injunctive and monetary relief, he brings this action against officers and employees of the New Hampshire Department of Corrections ("NHDOC") and the Northern New Hampshire Correctional Facility ("NCF").[1]

The complaint is before me for preliminary review to

---

[1]Construed liberally, the complaint names as defendants William Wrenn, Commissioner of the NHDOC, and the following NCF employees: Larry Blaisdell, Warden; Ms. Poulin, Media Generalist; and corrections officers/employees Dennis Cox, Ms. Dolan, R. Gosselin, Daniel Millis and Burdick.

determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I conclude that Blackmer has alleged First and Fourteenth Amendment claims based on the denial of access to the courts against: (1) Poulin, Dolan, Millis, Cox, Blaisdell and Wrenn arising from access to the NCF law library; (2) Poulin, Dolan and Cox arising from access to photocopy and notary services; and (3) Dolan and Millis arising from the interference with legal mail.  I recommend dismissal of all remaining claims.

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint served on the defendants. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement on Acceptance of Service, copies of this order, the report and recommendation and the complaint and amendments thereto (document nos. 1, 6-8, 10 and 12-14).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their

behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within thirty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

            /s/ James R. Muirhead
            James R. Muirhead
            United States Magistrate Judge

Date: November 20, 2006

cc:   Paul Blackmer, pro se